UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOCAL 302 & 612 INTERNATIONAL UNION
OF OPERATING ENGINEERS
CONSTRUCTION INDUSTRY HEALTH AND
SECURITY FUND, et al.,

        Plaintiffs,

    v.

NORTHWEST INFRASTRUCTURE INC.,

        Defendant.

CASE NO. C06-0859-JCC

ORDER

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. Nos. 21-22). Having considered the parties' relevant submissions on this matter, the Court hereby finds and rules as follows.

## I.    BACKGROUND AND FACTS

Plaintiffs are unincorporated associations operating as trust funds pursuant to Section 302 of the Labor Management Relations Act of 1947. (March 4, 2004 Revised Trust Agreement 1 (Ex. D to Parmelee Decl.,  Dkt. No. 22).) Under the Revised Trust Agreement, employer contributions to the funds are to be made on or before the fifteenth day of the month immediately following the month in which contributions become payable. (*Id.* at 4.) Further, if any employer is "delinquent" in payment, the contract

ORDER – 1

1  fixes certain liquidated damages, and requires that the employer cover reasonable costs incurred in
2  collecting delinquent funds, including attorneys' fees and administrative expenses. (*Id.*)

3        Plaintiffs allege that Defendant did not make its April 2006 contribution payment on time.
4  Plaintiffs allege that they sent a letter dated June 5, 2006 demanding payment for the contributions by
5  June 15, 2006. (Anzus Aff. 2 (Dkt. No. 28).) When Plaintiffs did not receive a response by June 19,
6  2006, they filed the instant lawsuit. (Pls.' Reply 4.) Plaintiffs claim that according to the terms of the
7  contract Defendant is liable for $85.48 in liquidated damages, $16.39 for its delinquent payment of the
8  April 2006 contributions, $1,098.00 in attorneys' fees, and $408.25 in court costs.

9        Defendant alleges that it sent payment for the April 2006 contributions on April 30, 2006.
10  (Lehman Decl. 2 (Dkt. No. 26).). Defendant further alleges that it did not receive a letter in early June
11  regarding any delinquency for the April 2006 contributions, and that it first learned about the alleged
12  delinquency when it received the Complaint in this lawsuit. (*Id.*)

13        It is undisputed that in August of 2006 Defendant inquired into the status of the check it wrote to
14  cover the April 2006 contributions. (*Id.*) As a result, it determined that the check made out to Plaintiffs
15  for the April 2006 contributions was never cashed. (*Id.*) Defendant then cancelled the check, issued a new
16  one for the same amount, and mailed it to Plaintiffs. (*Id.*)

17        All parties agree that the underlying payment for the April 2006 contributions has now been
18  made. The parties dispute whether Defendant should still have to pay liquidated damages, attorneys' fees
19  and other costs related to recovering the allegedly delinquent contributions.

20  **II.    STANDARD OF REVIEW**

21        Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary
22  judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file,
23  together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the
24  moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether
25  an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving

26  ORDER – 2

1  party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

2  242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material

3  fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party.

4  *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to

5  require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

6  *Id.* at 251-52. The moving party bears the burden of showing that there is no evidence which supports an

7  element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once

8  the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue

9  for trial. *Anderson*, 477 U.S. at 250.

10  **III.   ANALYSIS**

11       Taking Defendant's version of the facts as true for summary judgment purposes, Defendant

12  remitted the April 2006 contributions on time by sending payment on April 30, 2006. (Lehman Decl. 2 .)

13  The Revised Trust Agreement only affords Plaintiffs damages and costs "if any Individual Employer is

14  delinquent in remitting any required contributions." (Revised Trust Agreement 5.) Since Defendant

15  remitted payment on time and thus was not delinquent under its version of the facts, Plaintiffs are not

16  entitled to summary judgment in their favor.[1]

17       The fact that Defendant waited nearly two months before re-issuing a check does not change this

18  result. Under Defendant's version of the facts, the first time it learned about any lack of payment was

19  when it received notice of this lawsuit on June 19, 2006. (*Id.*) Defendant re-issued a check on August 15,

20  2006 after conducting an investigation as to where the previously issued money might be. Plaintiffs have

21  not demonstrated that this relatively short delay was due to lack of diligence on Defendant's part.

22

23  _____

24     [1] The Court takes no position as to whether notification via letter is necessary under the Revised
    Trust Agreement before Plaintiffs can obtain the damages they seek. (*See* Def.'s Opp'n 2 (Dkt. No. 26).)

25  Even if Plaintiffs are correct and there is no such requirement, Defendant remitted the April 2006
    contribution payment on time under this version of the facts and thus was not delinquent regardless.

26  ORDER – 3

Further, Plaintiffs have pointed to nothing in the Revised Trust Agreement or any applicable provision of contract law that says that they are entitled to damages or other costs where a contribution was remitted on time but never cashed by Plaintiffs. Accordingly, Plaintiffs are not entitled to judgment as a matter of law.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is DENIED.

SO ORDERED this 16th day of February, 2007.


John C. Coughenour
United States District Judge

ORDER – 4